(No. 18127.—Appeal dismissed.)
JAMES H. HOOPER, Appellant, *vs.* LILLIAN R. SEYMOUR *et al.* Appellees.

*Opinion filed December 21, 1927.*

APPEALS AND ERRORS—*when order setting aside a decree is not final.* An order of the superior court of Cook county setting aside a decree for the reason that a party who filed a separate answer to the bill was not notified of the motion to place the cause on the trial calendar in accordance with the rules of the court is not a final order and an appeal therefrom must be dismissed.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JAMES H. HOOPER, *pro se.*

A. J. BEDARD, (A. G. HUBBARD, and E. M. SEYMOUR, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed in the superior court of Cook county a bill for partition against Edward M. Seymour and Lillian R. Seymour, his wife, and Stella M. Smith, a tenant in the premises. The premises consisted of a part of two lots, with a two-flat building located thereon, in the city of Chicago. It is charged in the bill that Mrs. Seymour and her husband entered into a contract for the purchase of this property from J. W. Cowan on installments; that they made payments thereon jointly; that on April 26, 1924, one Allegretti and others recovered a judgment against Seymour, and that an execution was issued on the judgment and the interest of Seymour was sold on execution for $1400, being the amount of the judgment and $1000 for homestead rights. Later a sheriff's deed was issued to appellant. Thereafter the premises were conveyed by Cowan to Mrs. Seymour upon payment by her of the amount due

under the contract.   The bill alleges that such transfer was made for the purpose of defeating the judgment, levy and sale and appellant's deed; that appellant is the owner of an undivided one-half of the premises with Mrs. Seymour as tenant in common.   Summons was issued, and on September 28, 1926, the defendants entered their appearance. It appears that they filed separate answers, by A. J. Bedard as counsel.   On October 26, 1926, appellant served on Seymour, by leaving the same at his office, a notice stating that he would ask the clerk to place the cause upon the chancery trial calendar for trial.   No notice of any kind was served on Bedard, as counsel for Mrs. Seymour, or upon her personally.   On October 29, 1926, the cause having been placed on the chancery trial calendar on motion of appellant, and the defendants not appearing, a hearing was had and a decree entered for partition of the real estate and appointment of commissioners.   October 30 was the last court day of the October, 1926, term.   On November 3 Bedard filed a petition to set aside the decree on the ground that he had no notice of the placing of the cause upon the trial calendar, alleging that he was a solicitor in the trial of the cause and that he had filed an answer to the bill, and that he was not apprised until the opening of the November term that a decree had been entered in the case; that he did not have his offices with Seymour and had not received any copy of the notice served by appellant, and that the placing of the cause upon the trial calendar was in violation of rules 5 and 21 of the chancery rules of the court.   The petition prayed that the court set aside the decree.   The matter came on for hearing on the petition to set aside the decree and an answer thereto, with supporting affidavits to each, together with sworn testimony of Mrs. Seymour tending to establish that she had a meritorious defense; that the property had all been paid for by her, and that Seymour had at no time contributed anything to the purchase price of the property and that the property belonged solely to her.   The

court upon such hearing set the decree aside, and appellant has appealed from that order.

The recital of the forgeoing facts shows that the order of the court of which appellant complains is not a final order and is therefore not appealable.

The appeal is dismissed.        *Appeal dismissed.*